*Mercier* and *Buchanan* for the plaintiff. *Hoffman* for the defendant.

----

### PERILLAT vs. PUECHE.

APPEAL from the court of the parish and city of New-Orleans.

MATTHEWS, J. delivered the opinion of the court. In this case the plaintiff claims from the defendant a large portion of the rents and profits of a certain house and lot which he sold to the latter under a *pact a remere*, for the sum of $1200; alleging that the sale was made

Parol evidence may be received to shew that the contract sued on is not what it appears to be, but a cover to an usurious transaction.

in consequence of an usurious contract, by which it was verbally stipulated that the purchaser should receive interest at the rate of 18 per cent. per annum on the price. The petition does not contain any precise and formal allegation that the contract was simulated and made in fraud of the laws against usury. It is indeed very vague and indefinite; but from the whole context it may be gathered that the object of the plaintiff is to be relieved against the effects of the sale, as having been made with a direct intention to cover usury. The court below refused to admit the oral testimony offered to prove the real contract between the parties as being contrary to that contained in the act of sale, and gave judgment for the defendant, from which the plaintiff appealed.

The decision of the cause in its present state depends on the bill of exceptions which was taken to the opinion of the judge *a quo*, by which he rejected the testimony offered.

The general principle of law that oral testimony cannot be received to vary or contradict written agreements or contracts, has been long established, and has received the sanction of our code to the fullest extent. *Louisiana Code, art.* 2256. This rule of evidence is

however not so stern or unbending as to admit of no exceptions. When a written act is attacked on the ground of fraud, or simulation, oral testimony is admissible to establish the existence of those facts which when legally established operate a defeasance of such act.—This exception to the general rule is clearly recognized in the decision of the case of *Crozet's heirs* vs. *Gaudet*. *See 6 Martin*, 524.

Although in the present case no direct or pointed charge of fraud or simulation is made against the *vente a remere* as a cloak to the usurious contract which really took place between the parties, yet that such attack was intended, may be well ascertained from the reiterated allegations in the petition of usury in the transaction.

It is true that a *bona fide* sale which grants to the vendor the right of redemption, although the property may have been sold for a price less than its value, authorises the vendee to receive the fruits as his own during the existence of the contract. But if the seller is in the habit of paying usurious interest, or other circumstances attend the transaction, calculated to raise a suspicion against its genuineness, it may be lawfully assailed on account of usury. *Curia Phil. verbo usura, no 26.*

Eastern Dist
*May*, 1828.

PERILLAT
*vs.*
PUECHE.

From this view of the case we are brought to the conclusion that the judge below erred in rejecting the oral testimony offered on the part of the plaintiff to shew that the act of sale relied on by the defendant is only a pretext to cover an usurious contract.

It is therefore ordered, adjudged, and decreed, that the judgment of the parish court be avoided, reversed and annulled; and it is further ordered that the cause be remanded to be tried *de novo*, with instructions to the judge *a quo* to admit the testimony of witnesses to shew that the pretended *vente a remere* is fictitious and simulated, and was entered into in fraud of the laws against usury; and that the pellee pay the costs of this appeal.

*Young* for the plaintiff, *Derbigny* for the defendant.